UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES DANIEL, JR., )<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Plaintiff, )<br>　　v. 　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>SGT. MAXSSON, et al., 　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　Defendants. 　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　) | Case No. C08-1451-RSM-BAT<br><br>**ORDER GRANTING MOTION<br>TO EXTEND DISCOVERY<br>PERIOD, DENYING MOTION<br>TO COMPEL, AND GRANTING<br>IN PART AND DENYING IN<br>PART LEAVE TO DEPOSE** |

Plaintiff Charles Daniels, Jr. has filed a "motion for production of electronically stored & other information; for leave of court to depose prison inmates and for extension of discovery deadline." Dkt. 42. He has also filed a modification to this motion seeking leave to depose five prison officials and five inmates. Dkt. 44[1].

**I. Motion to Extend Discovery Period**

On July 15, 2009, the Court entered a pretrial scheduling order requiring (1) discovery be completed by September 13, 2009, and (2) dispositive motions be filed or served on or before October 13, 2009. Dkt. 27. On September 9, 2009, plaintiff requested that the period of discovery be extended; defendants did not object. Dkts. 42 at 3, 45 at 4.

Based on stipulation of the parties, the Court finds a discovery extension of 90 days is

---

[1] Dkt. 44, entitled "Certificate of Service" also includes plaintiff's "modification to motion for leave of court to depose prison inmates of 6th Sept. '09."

ORDER – 1

appropriate. *Id.*, Dkt. 47. The Court therefore ORDERS: (1) all discovery shall be completed by December 28, 2009, (2) any dispositive motion shall be filed and served on or before January 28, 2010, and (3) the parties are directed to confer and provide the court with a joint pretrial statement no later than March 5, 2010.

**II. Motion to Compel Discovery**

Plaintiff requests that the Court order the "Defendant the State of Washington" to produce: (1) surveillance video taken on four dates from Tier 1, Unit B of the Special Offender Center (SOC) at the Monroe Correctional Complex (MCC) (Dkt. 42 at 1-2), and (2) parts of plaintiff's medical records indicating that he contracted viral ulcerative stomatitis after being placed in SOC cell B108. Dkt. 42 at 2-3.

As an initial matter, plaintiff directs this motion towards "Defendant the State of Washington." However, the State of Washington cannot be sued in a 42 U.S.C. § 1983 action because it is not a "person" within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has cited a number of cases for the proposition that states are proper defendants in § 1983 actions when the alleged deprivation was the result of state policy or practice. Dkt. 47 at 3-4.

These cases do not include states as defendants, and thus cannot stand for the proposition suggested. *Wright v. Newsome*, 795 F.2d 964, 966 (11th Cir. 1986) ("Wright filed the current civil rights lawsuit pro se, naming Newsome, Diaz, Mincey and unknown "John Does and Richard Does" as defendants…"); *Hudson v. Palmer*, 468 U.S. 517 (1984) ("Inmate brought action against prison officer…"); *Parrat v. Taylor*, 451 U.S. 527 (1981) ("Inmate of state prison…brought suit under section 1983 against prison officials…"); *Roman v. Jeffes*, 904 F.2d 192, 194 (3rd Cir. 1990) ("Named as defendants were various prison officials of the Lehigh and Northampton County prison

ORDER – 2

systems, as well as Lehigh and Northampton Counties."); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) ("Petitioners… brought this class action against the Department and its Commissioner, the Board and its Chancellor, and the city of New York and its Mayor…"). Because plaintiff cannot sue the State of Washington in this action, the Court treats his motion to compel discovery as directed toward the other named defendants.

In general, discovery should be conducted between the parties. A party should not seek judicial intervention unless the parties reach a disagreement they cannot resolve on their own. The Court will not hear a motion to compel discovery until the moving party has met and conferred with opposing counsel or made a good faith effort to do so. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer requires a face-to-face meeting or telephone conference. Local Rule CR 37(a)(2)(A).

There is no evidence that plaintiff made any discovery requests to defendants prior to filing this motion. Dkt. 45 at 2. The parties have not conferred regarding any discovery disputes, and there is no evidence that plaintiff has made a good faith effort to schedule such a conference. Accordingly, to the extent that plaintiff moves the Court to enter an order compelling discovery, his motion is DENIED.

**III. Motion for Leave to Depose**

Plaintiff seeks leave of court to depose, by written examination, five Department of Corrections (DOC) employees and five inmates who are not parties to this action. Dkt. 44 at 3 *et. seq*. Plaintiff also requests that DOC notary Rod Akselson notarize his written depositions. Dkts. 42 at 3, 47 at 8-9.

Parties may obtain discovery regarding any non-privileged matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Information is relevant, for discovery purposes, if it "bears on, or... reasonably could lead to other matter[s] that could bear on, any issue that is or

ORDER – 3

may be in the case." *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In the context of discovery, relevancy is construed broadly. *See Id.* at 350. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

Plaintiff must comply with the rules governing discovery. Neither defendants nor the State are obligated to assist incarcerated plaintiffs with discovery. *See Cornett v. Donovan*, 51 F.3d 894, 898-99 (9th Cir. 1995). Thus, the Court will not order that notary Rod Akselson, a DOC employee, be made available to plaintiff for purposes of conducting discovery.

**A. DOC employees**

Plaintiff has submitted written questions to be answered under oath by John Shields, c/o Smolich, c/o Parker, c/o Laurie Thomas, and c/o Bennett. Because these individuals are not confined in prison, plaintiff does not need leave of court to depose them. Rule 31(a)(1). However, if plaintiff seeks to depose these individuals, he is required to comply with the Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 31.

**B. Inmates**

Plaintiff submitted written questions to be answered under oath by five inmates: (1) Troy Bingisser, (2) Christopher Johnson ("Pape Don"), (3) "Price," (4) "Inmate from Morocco, Africa with shaved head and long beard of Muslim faith," and (5) "Bowles." Plaintiff must obtain leave of court to depose individuals confined in prison. Fed. R. Civ. P. 31(a)(2)(B).

**1. "Price," "Inmate from Morocco," and "Bowles."**

Plaintiff must provide his requested deponents' full names or a description sufficient to identify these persons so they may be located and properly served. *See* Fed. R. Civ. P. 31(a)(3). Because, plaintiff has not provided sufficient information to serve and depose inmates "Price," "inmate from

ORDER – 4

Morocco," and "Bowles," his motion for leave to depose these individuals is denied.

### 2. Troy Bingisser

Plaintiff has submitted the following questions for inmate Troy Bingisser:

    (a) Did c/o Bennett ever conduct a search on your cell in Unit B, Tier 3 of the SOC after which you noticed that your eyeglasses had been broken?

    (b) Did you immediately complain to c/o Bennett about this to which he responded that you couldn't see with them anyway?

    (c) Did you react emotionally to his response by shouting in anguish to which he responded by telling you that you needed to find ways and develop skills in which to cope such as reading and writing?

    (d) Did you ever have the unfortunate experience of having c/o Bennett cut your wrist with his handcuffs?

Dkt. 44 at 7-8.

Until plaintiff shows that the information sought in questions (a), (b), and (c) is relevant to this action or reasonably calculated to lead to relevant information, leave to depose is denied with respect to these questions. Plaintiff's assertion that c/o Bennett's "breaking of i/m Bingisser's eyeglasses is not adverse to his placing me in a cell infected with feces…" (Dkt. 47 at 6) is not a sufficient showing of relevancy.

Question (d) has some relevance to plaintiff's claim that c/o Bennett cut his wrists while handcuffing him in retaliation for a sexual harassment complaint he filed against c/o Bennett. *See* Dkt. 4, sec. D(1). Leave to depose is granted with respect to this question.

### 3. Christopher Johnson

Plaintiff has submitted the following questions for inmate Christopher Johnson ("Pape Don"):

    (a) Were you my neighbor while occupying SOC cell B109 during the later part of 2007?

    (b) Were you escorted to this cell in a wheelchair by several officers?

ORDER – 5

      (c) Within minutes of being placed in this cell, did you complain to staff that there were feces on the cell wall next to the window?

      (d) After about a month in this new location, did c/o Packer break 2 of your fingers by surprisingly pulling the phone away from you while the cord was wrapped around your hand during pill line?

      (e) On account of your not being able to write after this incident, did I write a grievance on your behalf to coordinator Vicqui Hewett?

      (f) Was the grievance immediately dismissed by her?

      (g) What is the ID number for this grievance?

      (h) Can you furnish the Notary R. Akselson with a copy of this grievance along with your answers to this written deposition?

Dkt. 47 at 8-9.

Until plaintiff shows that the information sought in questions (a), (b), and (c) is relevant to this action or reasonably calculated to lead to relevant information, leave to depose is denied with respect to these questions.

Questions (d) through (h) concern grievances submitted to Vicqui Hewett, the DOC grievance coordinator. The questions have relevance to plaintiff's claims that she unfairly dismissed his own grievances. *See* Dkt. 4, sec. D(6-7). It appears, however, that plaintiff has not stated an actionable claim against Vicqui Hewett because the inmate grievance procedure is not a constitutionally protected right. *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988). Thus, even if Vicqui Hewett did not follow proper grievance procedure, she did not thereby deprive plaintiff of any constitutionally protected right. Until plaintiff can establish that Vicqui Hewett's actions deprived him of a constitutionally protected right, leave to depose is denied with respect to questions (d) through (h).

Thus, plaintiff is GRANTED leave to depose by written questions inmate Troy Bingisser

ORDER – 6

limited to question (d).  Plaintiff is DENIED leave to depose by written questions inmates Christopher Johnson ("Pape Don"), "Price," "inmate from Morocco," and "Bowles."

Plaintiff is reminded he must comply with the requirements set forth in Fed R. Crim. P. 31.

The clerk is directed to send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

DATED this 2nd day of October, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER – 7